UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

IVAN MAI,

      Plaintiff,

 -against-

CITIGROUP GLOBAL MARKETS HOLDINGS INC.,

      Defendant.

------------------------------------- X

MEMORANDUM DECISION
AND ORDER

20 Civ. 11129 (GBD) (GWG)

GEORGE B. DANIELS, District Judge:

  Plaintiff Ivan Mai filed a pro se complaint on January 4, 2021, alleging fraud in relation to his purchase of the Velocity Shares 3x Long Crude Oil ETNs ("UWT ETNs") from Defendant Citigroup. (Complaint, ECF No. 1-1, at 2-3.) Before this Court is Magistrate Judge Gabriel W. Gorenstein's July 30, 2021 Report and Recommendation recommending that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for a failure to prosecute. (R. & R. to the Honorable George B. Daniels (the "Report"), ECF No. 32, at 3.) Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

  Plaintiff suffered investment losses from his purchase of UWT ETNs purportedly because of Defendant's fraudulent conduct. (Complaint at 3-4.) He filed a pro se complaint seeking $845,535 in damages stemming from these losses. (*Id.* at 4.) On May 11, 2021, Defendant moved for dismissal pursuant to Federal Rule of Civil Procedure 8(a), 9(b), and 12(b)(6). (Def. Mem. in

Support of Mot. to Dismiss ("Def. Motion"), ECF No. 25, at 1.) Plaintiff failed to respond to the motion in a timely manner. Plaintiff then also failed to respond to two orders from Magistrate Judge Gabriel W. Gorenstein warning Plaintiff that the case may be dismissed for a failure to prosecute if he does not respond to Defendant's Motion or show cause for why it should not be dismissed. (Order with Respect to Mot. to Dismiss ("June 23 Order"), ECF No. 30; Order to Show Cause ("July 8 Order"), ECF No. 31.) Plaintiff's last action in this case was on March 22, 2021, opposing Defendant's request for an extension of time to answer his Complaint. (ECF No. 18.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Fed. R. Civ. P. 41 (b) Dismissal for Failure to Prosecute.

A court "has the inherent authority to dismiss for failure to prosecute sua sponte" pursuant to Rule 41(b) of the Federal Rules of Civil procedure. *Millenium Pipeline Co., LLC v. Bace Grp., Inc.*, No. 17-CV-9371, 2021 WL 4461336, at *1 (S.D.N.Y. Sept. 29, 2021) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). While this at the discretion of district courts, it is a "harsh remedy to be utilized in extreme situations." (*Id.*) Furthermore, "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209.

Dismissal for a failure to prosecute should consider the (1) duration of plaintiffs failures; (2) whether plaintiff was notified "that further delays would result in dismissal because of the delay;" (3) prejudice to the Defendant by further delay; (4) the balance between "alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard;" and (5) the efficacy of lesser sanctions. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (quoting Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999)). No single factor is dispositive. *Martens*, 273 F.3d at 180.

### III. THE COMPLAINT IS DISMISSED FOR A FAILURE TO PROSECUTE

Magistrate Judge Gorenstein properly found that all four factors weigh in favor of dismissal.

First, Magistrate Judge Gorenstein took notice of the fact that "Mai has failed to take any action in this case since March 22, 2021, when he filed a letter objecting to an extension of time requested by Citigroup…over four months long[.]" (Report at 2.) Although a court should be reticent to place a specific time on when this factor begins to weigh against a pro se plaintiff, failing to respond for a period of four months is a considerable amount of time weighing in favor of dismissal. *See Chavis v. City of New York*, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (dismissing a pro se action after a four-month delay).

Second, Magistrate Judge Gorenstein also "warned Mai on two separate occasions." The first was on June 23, 2021 warning Mai that he needed to respond to Defendants Motion or the case would be dismissed. (June 23 Order at 1.) The second was on July 8, 2021 warning Mai that if he did not timely show cause for why this case should not be dismissed for failure to prosecute Judge Gorenstein was prepared to recommend doing so. (July 8 Order at 1.) Plaintiff Mai did not respond. Thus, as Magistrate Judge Gorenstein concluded, "Mai was clearly on notice that further

delay could result in dismissal." (Report at 2.). Despite the leniency given to pro se plaintiffs, two warnings are more than enough. *E.g., Chavis*, 2018 WL 6532865, at *4 (dismissal after two warnings).

Third, prejudice to the Defendant "may be presumed" when the Plaintiff has "unreasonably delayed" the case. *Blake v. Payane*, No. 8 Civ. 930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011). However, Magistrate Judge Gorenstein correctly found clear prejudice here – Citigroup has already "wasted time and resources" by fully briefing its motion to dismiss. *Greene v. City of New York*, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020), *adopted by*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020).

As for the fourth and fifth factors, Magistrate Judge Gorenstein waited to dismiss the case *sua sponte* for a failure to prosecute, after giving Mai two chances to be heard. As Magistrate Judge Gorenstein highlighted, his "failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim." *George v. Cousins Printing LLC*, 2008 WL 4093057, at *2 (S.D.N.Y. Sept. 2, 2008). Magistrate Judge Gorenstein also rightly found that there was "no reason to believe that any lesser sanction will succeed in altering Mai's behavior." Mai appears to have abandoned this case after his last communication in March, despite being threatened with dismissal twice. See *Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (finding that "plaintiff's failure to comply with [an] order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective.").

4

## IV. CONCLUSION

Magistrate Judge Gorenstein's Report is ADOPTED. Plaintiff's Complaint, (ECF No. 1), is dismissed in its entirety. The Clerk of the Court is directed to close Defendant's motion, (ECF No. 25), accordingly.

Dated: November NOV 0 1 2021
    , 2021
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

5